[767 NYS2d 922]

In the Matter of CHARLES A. FONTANA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 8, 2003

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse* (*Robert J. Saltzman* of counsel), for petitioner.

*Charles A. Fontana,* resignor pro se.

**OPINION OF THE COURT**

Per Curiam.

Charles A. Fontana has submitted an affidavit dated June 17, 2003, in which he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Fontana avers that this resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation. Mr. Fontana acknowledges that he is the subject of a pending disciplinary proceeding alleging several instances of failing to cooperate with the petitioner. Mr. Fontana acknowledges that there are approximately 20 open complaints of professional misconduct against him, including failure to account for estate proceeds, neglect of legal matters, failure to return unearned fees, abandonment of practice, and failure to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys. Mr. Fontana also entered a plea of guilty in the United States District Court for the Eastern District of New York to a federal felony tax violation.

Mr. Fontana acknowledges that he cannot successfully defend himself on the pending charges. Nor could he successfully defend himself "if charges were predicated upon the other allegations." The resignation is submitted subject to any application which could be made by the petitioner pursuant to Judiciary Law § 90 (6-a), that he make restitution and reimburse the Lawyers' Fund for Client Protection of the State of New York. He acknowledges the continuing jurisdiction of the Court to make such an order. Mr. Fontana is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner urges acceptance of the proffered resignation.

Inasmuch as Mr. Fontana's resignation comports with all appropriate Court rules, it is accepted and, effective immediately, Charles A. Fontana is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the resignation of Charles A. Fontana is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles A. Fontana is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Charles A. Fontana shall continue to comply with the rules of this Court governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles A. Fontana is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.